Valena Gilbert c/o Curt Dawson Little Rock Employment and Classification Manager 500 W. Markham, Suite 130W Little Rock, Arkansas 72201-1428
Dear Ms. Gilbert:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). The basis for your request is A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel or employee evaluation records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
The attachments to your letter indicate that you are applying for a position with the City of Little Rock. Someone has requested your "application documents" and resumes.[1] The custodian has indicated that he plans to release the documents because they are "personnel records" and their release would not constitute an unwarranted invasion of personal privacy. You have asked me whether the custodian's decision is consistent with the FOIA.
RESPONSE
My statutory duty is to state whether the decision of the custodian of records is consistent with the FOIA. Not having seen any of the records the custodian intends to release, I cannot opine about any particular records. I can, however, set out the legal standards the custodian must apply to determine whether the categories of *Page 2 
documents that were requested — job applications and resumes — must be disclosed. In my opinion, for the reasons explained below, the custodian's decision to release these kinds of records is probably consistent with the FOIA. But, depending on whether you were hired, the test he used to release them may not be consistent with the FOIA.
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first and second elements are met. As for the first element, the documents are held by the City of Little Rock, which is a public entity. As for the second element, the FOIA defines "public records" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.[2]
This office and the two leading commentators on the FOIA have repeatedly noted that job applications and resumes accompanying those applications are public records.[3]
As public records, the job application and accompanying resume must be released unless there is some exemption that prohibits their release. The only relevant exemption appears to be the one for "personnel records," which the FOIA does not define. Whether a particular record constitutes a personnel record, within the meaning of the FOIA is, of course, a question of fact that can only be definitively determined by reviewing the record itself. But this office has consistently opined *Page 3 
that personnel records are all records other than employee evaluation records that pertain to individual employees, former employees, or job applicants.[4]
Whether the documents in question are personnel records depends on whether you were hired.[5] If you were not hired, then those records are not personnel records (because you have not become "personnel"). In that case, the records are merely public records that are subject to no exemption. In that case, they must be disclosed. But if you were hired, then the application and accompanying resume meet the definition of personnel records. Accordingly, those records must be released unless doing so constitutes a clearly unwarranted invasion of personal privacy. This office has repeatedly indicated that the release of such records rarely rises to such a level.[6]
The custodian also intends to redact "personal information" such as social security numbers, home addresses, or dates of birth. If the above analysis indicates that the records are personnel records, then these redactions are proper.[7] *Page 4 
But if the analysis indicates that the records are merely public records, then there is some question about which pieces of information may be properly redacted. There is no general exemption for "personal information" contained in mere public records. The only basis to redact information on a mere public record is whether the release of that information would be so great that it would violate the constitutional protection of privacy. An analysis of the constitutional standards can be found in Opinion No. 2010-024, so I will not repeat it here. This office has often noted that it is conceivable that mere public records would contain information that, if released, would violate a person's constitutional privacy rights. Nevertheless, addresses, resumes, telephone numbers, the names of an applicant's employer and references would probably not trigger constitutional protection.[8]
In summary, in my opinion, the custodian's decision to release the documents is probably consistent with the FOIA. If you were a successful applicant, then the custodian properly characterized your application and resume as personnel records. If those documents are properly characterized as personnel records, then they should be released because their release probably does not rise to the level of a clearly unwarranted invasion of personal privacy. But if you were an unsuccessful applicant, your job application and resume are merely public records that are not protected by any exemption. In the latter case, the records would also need to be released. If the records are actually personnel records, then the redactions are proper. If they are not, then only some of the redactions are proper.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh
[1] I have not been provided with the actual FOIA request at issue. I assume, for purposes of this opinion, that I have been provided with all the relevant information from the FOIA request.
[2] A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[3] Op. Att'y Gen. Nos. 20054-004, 2001-368; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT, 185-87 (m m Press, 5th ed., 2009).
[4] See, e.g., Op. Att'y Gen. No. 1999-147; Watkins Peltz, supra note 3, at 187.
[5] Historically, this office has distinguished between job applications of successful and unsuccessful applicants. If the applicant was hired, then the application is considered a personnel record. E.g. Op. Att'y Gen. Nos. 2008-039, 2006-218, 95-244, 95-113. Under those opinions, if the applicant was not hired, then the application is not considered a "personnel record." In the latter situation, the document must be released because it is a public record and ordinarily no exceptions apply to prevent disclosure. But see
Watkins Peltz, supra note 3, at
185-87 (citing two conflicting circuit court cases).
[6] See, supra, note 3. I should also note that the custodian intends to redact social security numbers, dates of birth, and home addresses. If you were hired, then all three are proper redactions. See Op. Att'y Gen. 2010-024. If you were not hired, then, in my opinion, only the first two are plausibly consistent with the FOIA. See Op. Att'y Gen. 2008-071. The FOIA exemption for home addresses of certain public employees only applies to "employer records." A.C.A. § 25-19-105(b)(13) (Supp. 2009). Consequently, if the record containing the home address is not a personnel record the only basis for redacting the address would be the constitutional privacy right, as outlined in McCambridge v.City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). This office has opined that while one might plausibly argue that unlisted home addresses are constitutionally protected, listed addresses generally are not exempt from disclosure. See, e.g., Op. Att'y Gen. Nos. 2002-285 and 2001-145. I refer you to those opinions for the constitutional analysis, which turns largely on the particular facts.
[7] Op. Att'y Gen. Nos. 2007-064 (dates of birth of public employees), 2006-035 (social security numbers); A.C.A. § 25-19-105(b)(13) (home addresses of most public employees).
[8] Op. Att'y Gen. Nos. 93-403, 93-114. *Page 1